IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| CHAREILA L. BIEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:20-CV-00212-H-BU |
| § | |
| ANDREW M. SAUL, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Chareila L. Bien, proceeding *pro se*, appears to seek judicial review of a final adverse decision of the Commissioner of Social Security. Dkt. No. 2. Pursuant to 28 U.S.C. § 636(b) and a standing order of reference, this civil action was referred to the undersigned United States magistrate judge for case management.

Now before the Court is Plaintiff's application for leave to proceed *in forma pauperis*. Dkt. No. 4. After a review of the request and for the reasons stated below, the undersigned recommends that the Court deny Plaintiff's application for leave to proceed *in forma pauperis* because the paying of the $402.00 filing fee will not cause Plaintiff to suffer undue financial hardship.

I.  DISCUSSION

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, courts should consider whether payment of

1

the filing fee will result in the applicant "suffering undue financial hardship." *Id*. The Court may consider the total monetary resources available to assist the applicant, including a spouse's income, in making this determination. *See Montiel v. Wyndham Anatole Hotel*, No. 3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003) (recommending denial of motion to proceed *in forma pauperis* where plaintiff and spouse had a combined monthly income of $3,360); *see also Prows*, 842 F.2d at 140 (holding that Section 1915(a) provides access to federal courts for plaintiffs "who lack the financial resources" to pay filing costs). The Court may also review and consider whether Plaintiff's expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140.

The financial information provided by Plaintiff shows that even though she does not receive any monthly income or disability payments, her spouse earns a net monthly income of $5,200.00, which amounts to $62,400.00 a year. Dkt. No. 4 at 1. Regarding expenses, Plaintiff indicates that her family's expenses total $3,617.00 each month. Plaintiff indicates that both she and her son are dependent on her spouse for financial support. After accounting for monthly expenses, Plaintiff and her spouse have a surplus monthly income of approximately $1,580.

Thus, after review of Plaintiff's motion to proceed *in forma pauperis*, the undersigned concludes that Plaintiff has sufficient funds to pay the $402.00 filing fee in this case. *See, e.g.*, *Kennedy v. Colvin*, No. 5:16-CV-180-BQ (N.D. Tex. Aug. 8, 2016) (denying plaintiff's motion to proceed *in forma pauperis* where plaintiff and her spouse had a surplus monthly income of $900); *Bruton v. Colvin*, No. 4:14-CV-083-A, 2014 WL 840993, at *1 (N.D. Tex. Mar 4, 2014) (holding that plaintiff's annual income totaling

$54,900.00 far exceeded the poverty level for a family of five and plaintiff therefore had sufficient resources to pay the filing fee).

## II.  RECOMMENDATION

For the reasons stated above, the undersigned recommends that Plaintiff's motion for leave to proceed *in forma pauperis* be DENIED.  If the District Judge denies Plaintiff's motion to proceed *in forma pauperis*, the undersigned further recommends that Plaintiff be ordered to pay the $402.00 filing fee within thirty (30) days from the date of the order denying her motion to proceed *in forma pauperis*.

## III.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 30th day of July, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE