IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| CHAREILA L. B,[1] § § §<br>　　　　Plaintiff, § §<br>v. §<br>　　　　　　　　　　§<br>KILOLO KIJAKAZI, §<br>Acting Commissioner of Social Security, §<br>　　　　Defendant § | Civil Action No. 1:20-CV-00212-H-BU |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Chareila L. B., proceeding pro se, filed this civil action to seek judicial review of a final adverse decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Dkt. No. 2. Pursuant to 28 U.S.C. § 636(b) and a standing order of reference, this action was referred to the undersigned United States magistrate judge for case management. Dkt. No. 1. Plaintiff has consented to proceed before a magistrate judge but Defendant has not. *See* Dkt. No. 5.

Therefore, the undersigned enters these findings and conclusions, and recommends that Plaintiff's claims in this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies Plaintiff only by first name and last initial.

I. BACKGROUND

On July 27, 2022, the Court issued a briefing Order requiring Plaintiff to submit a brief setting forth all errors that Plaintiff believed entitled her to relief within 40 days of the Order. Dkt. No. 38. After the Plaintiff failed to file their brief within 40 days of the Order, the Court issued an Order to Show Cause requiring Plaintiff to file no later than October 17, 2022, a brief and a written response showing cause for her failure to comply with the Court's briefing Order. Dkt. No. 40. As of the date of this FCR, Plaintiff has failed to file a brief or a response showing cause.

II. DISMISSAL UNDER RULE 41(b)

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(B); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness

and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate in the instant case. The Court issued both a briefing Order and an Order to Show Cause requiring Plaintiff to file briefing. Dkt. Nos. 38, 40. In the Court's Order Directing Filing of Briefs, the Court states that "[t]he deadlines set forth in the order will not be modified except upon written motion for good cause shown." Dkt. No. 38 at 4. The Court's Order to Show Cause further warned Plaintiff that "[f]ailure to either file briefing or respond to the Court explaining why she failed to timely file briefing will likely result in dismissal of Plaintiff's claims under the Court's inherent authority pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." Dkt. No 40.

Plaintiff has failed to provide the Court with a brief setting forth the error that Plaintiff contends entitles her to relief, and this case cannot proceed if Plaintiff fails to prosecute or comply with the Court's orders. The Court is not required to delay the disposition of this case until such time as Plaintiff files briefing and complies with the Court's previous orders.

### III. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Plaintiff's Complaint and all claims alleged therein be DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution.

## IV.   RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 19th day of October, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE